IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PETRINA THOMPSON,<br><br>　　Plaintiff,<br><br>v.<br><br>LEGAL AID OF NORTHWEST TEXAS,<br><br>　　Defendant. | No. 3:18-cv-01580-K (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (ECF No. 6). For the reasons stated, the motion should be GRANTED.

## Background

Defendant Legal Aid of Northwest Texas ("LANWT") employed Plaintiff Petrina Thompson ("Thompson"), a licensed attorney, on a part-time basis for a period of approximately four months. Pl.'s Am. Compl. 1, ¶ 1 (ECF No. 10). Thompson's primary responsibility was answering incoming calls to a legal advice hotline. *Id.* 2, ¶ 8. By this lawsuit, Thompson alleges that during her employment she experienced harassment, discrimination, and retaliation by her coworkers and supervisors. *Id.* 2-15, ¶¶ 8-78. In April 2017, LANWT placed Thompson on paid administrative leave while it investigated her allegations that a coworker assaulted her by running into her "involuntarily and moving her several steps." *Id.* 7, ¶ 36.

1

LANWT ultimately terminated Thompson's employment on June 23, 2017. *Id.* 1, ¶ 1.

Thompson filed charges with both the Texas Workforce Commission, Civil Rights Division (the "TWCCRD"), and the Equal Employment Opportunity Commission (the "EEOC"). Pl.'s Compl. 2, ¶ 5 (ECF No. 3); Pl.'s Am. Compl. 2, ¶ 5 (realleging same). The TWCCRD issued a notice of right to sue on January 17, 2018, and the EEOC issued a similar notice of right to sue on February 28, 2018. Pl.'s Compl. 2, ¶ 5; Pl.'s Am. Compl. 2, ¶ 5 (realleging same). Thompson alleges that she received the EEOC notice on March 25, 2018. *Id.* She then filed her original complaint on June 18, 2018, bringing claims under (1) the Texas Labor Code, §§ 21.051-21.061; (2) Title VII, 42 U.S.C. §§ 2000e-1 through 2000e-17; (3) the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101-12213; (4) the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. §§ 2601-2654; and (5) 41 U.S.C. § 1983. Pl.'s Compl. 17-22.

LANWT filed its motion to dismiss arguing that Thompson failed to file suit within the requisite time after receiving her notices of right to sue. Def.'s Mot. 1. Thompson filed an amended complaint and a response to the motion to dismiss, and LANWT filed a reply. Pl.'s Am. Compl. 1; Def.'s Reply 1 (ECF No. 12). The motion is fully briefed and ripe for adjudication.

## Legal Standard

To survive LANWT's Rule 12(b)(6) motion to dismiss, Thompson's complaint "must contain sufficient factual matter, accepted as true, 'to state a claim

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thompson's factual allegations must "'raise her right to relief above the speculative level,'" but they do not need to be detailed. *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (citing *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 417 (5th Cir. 2010)). Thompson's claims have facial plausibility if she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to [Thompson]." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

## Analysis

### Preliminary Matters

In its reply, LANWT protests that Thompson filed her amended complaint without leave of court; however, a party may amend its pleading once as a matter of course within 21 days after service of a Rule 12(b) motion if the pleading is one to which a responsive pleading is required. Fed. R. Civ. P. 15(a)(1)(b). The docket

reflects that Thompson's amended complaint was filed within 21 days of service of LANWT's motion to dismiss, so leave of court was not required. *See* Pl.'s Am. Compl. (ECF No. 10).

Thompson's amended complaint supersedes her "original complaint and renders it of no legal effect" because the amended complaint fails to adopt or incorporate by reference her original complaint. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). Thompson failed to replead the FMLA and § 1983 claims asserted in her original complaint. Pl.'s Compl. 20-22, ¶¶ 109-19; Pl.'s Am. Compl. 15-18. "[I]f a party voluntarily omits a certain claim from an amended complaint that the party raised in the original complaint, the party is bound by the amended complaint and cannot proceed on the omitted claims because they are no longer a part of the operative complaint." *Haddock v. Nationwide Fin. Servs. Inc.*, 514 F. Supp. 2d 267, 273 (D. Conn. Sept. 25, 2007); *see also Young v. City of Mount Rainier*, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule, as stated above, is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect. Thus, if an amended complaint omits claims raised in the original complaint, the plaintiff has waived those omitted claims."). In her response, Thompson concedes that her FMLA and § 1983 claims have been "rendered moot." Pl.'s Resp. 4, 14 (ECF No. 11).

To the extent Thompson repleaded her claims under the Texas Labor Code, Title VII, and the ADA, her amended complaint failed to cure certain defects with

4

respect to those claims. Accordingly, the Court treats LANWT's motion as directed to the amended complaint. *See Holmes v. Nat'l Football League*, 939 F. Supp. 517, 523 n.7 (N.D. Tex. Aug. 27, 1996) (recognizing that court may treat motion to dismiss as directed to amended complaint because the defects in original complaint reappear in the amended complaint).

### Timeliness of Thompson's Claims

The aforementioned defects spring from Thompson's failure to file her lawsuit timely under state and federal law. Under section 21.254 of the Texas Labor Code, a plaintiff may bring a civil action "[w]ithin 60 days after the date a notice of the right to file a civil action is received . . . ." While this requirement is not jurisdictional under Texas law, federal courts routinely dismiss actions filed "more than sixty days after the Commission issues a notice of a right to file suit." *Stafford v. Hunt Cty., Tex.*, 2011 WL 2681972, at *3 (N.D. Tex. July 11, 2011) (citing cases).

Thompson's employment claims under Texas law are untimely. Without deciding whether the notice's issuance or receipt started Thompson's 60-day clock, Thompson's deadline could not under any measure have been later than May 24, 2018—60 days after the alleged March 25, 2018 date of receipt. She did not file suit until June 18, 2018. Therefore, Thompson's state law claims are not timely.

Thompson appears to argue that her state law claims are subject to the same ninety-day period for filing Title VII or ADA claims after receiving an EEOC letter. *See* Pl.'s Reply 5-6. But "[t]hese two notices are not interchangeable, nor does one trigger the limitations period for the other statute." *Johnson v. Select Energy*

*Servs., L.L.C.*, 2013 WL 5425115, at *6 (S.D. Tex. Sept. 24, 2013) (citing *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 753 (S.D. Tex. May 16, 2001); *Stafford*, 2011 WL 2681972, at *3 & n. 46; *see also Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). Because Thompson filed her lawsuit nearly a month after the latest conceivable deadline—May 24, 2018—to bring her state-law harassment, discrimination, and retaliation claims, they are untimely and should be dismissed.

Thompson's remaining federal claims must suffer the same fate. Plaintiffs bringing claims under Title VII and the ADA must exhaust administrative remedies by filing a timely charge with the EEOC and receiving a right-to-sue notice. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). Once a claimant receives the notice, she has ninety days to file a civil action. *Taylor*, 296 F.3d at 379. This requirement is strictly construed and essentially operates as a statute of limitations. *Id.* (citations omitted); *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1257 (5th Cir. 1985). "When the date on which a right-to-sue letter was actually received is . . . disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Taylor*, 296 F.3d at 379 (collecting cases). However, this presumption does not apply where a plaintiff demonstrates that she failed to receive the letters through no fault of her own or presents some other equitable reason for tolling the statute. *Bowers v. Potter*, 113 F. App'x 610, 613 (5th Cir. 2004) (per curiam).

6

Here, Thompson admits the EEOC notice of right to sue was issued on February 28, 2018, and claims, without explanation, that she did not receive it until March 25, 2018. Conclusory allegations of this nature are insufficient to preclude dismissal. *See Taylor*, 296 F.3d at 380-81. Even if the Court applies a presumption of receipt of seven days after the February 28, 2018 date of issuance, Thompson's presumed date of receipt is March 7, 2018. The resulting filing deadline is June 5, 2018. Thompson fails to assert her failure to receive the notice was through no fault of her own and has not alleged any facts to support equitable tolling. *See Bowers*, 113 F. App'x at 613 (emphasizing that equitable tolling is not automatic and that plaintiff bore the burden of establishing a factual basis justifying equitable tolling). Thompson's Title VII and ADA claims are therefore untimely and should be dismissed.

Thompson also appears to assert that her claims are timely because she filed her complaint within 180 days of receiving notice from the EEOC of right to sue. Pl.'s Am. Compl. 2, ¶ 5; Pl.'s Resp. 6. To the extent she makes this argument, her argument misconstrues the law. The 180-day time limit under Title VII relates to the period within which an employee must file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e–5(e)(1) (providing that an aggrieved individual must file a charge of discrimination with the EEOC within 180 days after the alleged unlawful employment practice occurred). Once the employee receives a right-to-sue letter from the EEOC, she has ninety days to file a civil action. 42 § U.S.C. 2000e–5(f)(1). As explained above, Thompson did not timely file this lawsuit.

7

Although, typically, a *pro se* litigant should have the opportunity to replead, the Court should not grant Thompson an opportunity to do so here. *Ahmed v. Hussain*, 2018 WL 2271179, at *4 (N.D. Tex. Apr. 18, 2018), *rec. adopted*, 2018 WL 2267141 (N.D. Tex. May 17, 2018) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thompson should not be afforded the leeway normally given to *pro se* litigants because she is a licensed attorney. *See Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977) (deciding not to liberally construe *pro se* plaintiff's complaint because he was a licensed attorney). Additionally, Thompson already amended her complaint in response to LANWT's motion to dismiss, which alerted her of the importance of pleading a basis for equitable tolling of the applicable deadlines. *See* Def.'s Mot. 7 n.10. Thompson failed to plead additional facts explaining her delay in receiving the notices or facts entitling her to tolling. Thus, Thompson should not be afforded a third opportunity to state a claim that would survive dismissal, and the dismissal of Thompson's claims should be with prejudice.

## Recommendation

Defendant Legal Aid of Northwest Texas's Motion to Dismiss (ECF No. 6) should be GRANTED, and Plaintiff Petrina Thompson's complaint, claims, and causes of action should be DISMISSED with prejudice.

**SO RECOMMENDED**.

February 21, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).